IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEVIN RANDOLPH,**

    **Plaintiff,**

            Case No. 2:25-cv-284

vs.                        Judge Michael H. Watson

                          Magistrate Judge Elizabeth P. Deavers

**BATH & BODY WORKS, INC.,**
*et al*.,

    **Defendants.**

### INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Devin Randolph, an Ohio resident proceeding here *pro se*, was granted leave to proceed *in forma pauperis* by previous Order of the Court. (ECF No. 5.)

This matter is now before the Undersigned to undertake the initial screen required by law to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2).  Having completed the initial screen, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims in their entirety.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*

---

[1] Formerly 28 U.S.C. § 1915(d).

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff states that he brings claims "for violations of the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act, and constitutional due process rights, as well as unethical legal practices." (ECF No. 6.) He names as Defendants Bath & Body Works, Inc. (Bath & Body), his former employer; the law firm of Vorys, Sater, Seymour and Pease LLP ("Vorys"), counsel for Bath & Body; the U.S. Equal Employment Opportunity Commission (Cleveland Branch) ("EEOC"), and Spitz, the Employee's Law Firm ("Spitz"), his former legal counsel.

Initially, he identifies the following ADA claims for relief directed to Bath & Body: disability discrimination for failure to provide reasonable accommodations for his tendinitis disability, failure to engage in the interactive process regarding his need for an accommodation relating to time off for prescribed physical therapy; termination based on his disability, and retaliation for requesting a reasonable accommodation.  He also identifies a claim for racial discrimination under Title VII against Bath & Body for denial of promotional opportunities.  Further, he identifies a 42 U.S.C. § 1983 claim for due process violations presumably against all named Defendants.  Finally, he identifies a claim directed to Spitz for "unethical practices."

Briefly, Plaintiff's claims appear to flow from the alleged ADA violations.  According to Plaintiff, he was employed by Bath and Body from September 8, 2022, until February 14, 2023.  While employed there, he was diagnosed with "tendinitis" and "prescribed physical therapy," requiring an accommodation by Bath and Body.  The bulk of Plaintiff's allegations, however, appear under "Count V: Violation of Constitutional Rights (Due Process Violation)."  Under this Count, Plaintiff alleges various forms of misconduct in the handling of his EEOC claim by Bath and Body, the EEOC, and the Spitz law firm.

### III.

**A. Plaintiff's Claims Against Bath and Body**

**1. ADA Claims**

As noted, Plaintiff asserts causes of action for violations of the ADA based on disability under several theories:  (1) disability discrimination; (2) failure to accommodate; (3) failure to engage in the interactive process; and (4) retaliation.

In short, the ADA prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or

4

discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  Importantly, "at the pleading stage, a Plaintiff is not required to 'plead facts establishing the prima facie case of discrimination. Instead, a Plaintiff is only required to show: (1) that he "was disabled or regarded as disabled and (2) that [he] was otherwise qualified for a position.'" *Denoewer v. Union Cnty. Indus.,* 611 F. Supp. 3d 458, 475 (S.D. Ohio 2020) (quoting *Morgan v. St. Francis Hosp.*, No. 19-5162, 2019 WL 5432041, at *1 (6th Cir. Oct. 3, 2019) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-12 (2002)).

Taking the second requirement first, Plaintiff's Complaint fails to state clearly the precise nature of his position at Bath and Body.  A review of the 54 pages of attachments to his Complaint reveals Bath and Body's description of his position as "a seasonal employee hired to handle increased warehouse volume during peak season (roughly September through February, generally coinciding with the holidays)."  (ECF No. 1-3 at 14.)  Plaintiff's allegations do not refute this characterization.  Other allegations sprinkled throughout the Complaint assert that Plaintiff was "a strong worker" and had an "excellent performance record."  (ECF No. 1-1 at 8.) Generously assuming this information taken together would be sufficient to demonstrate that Plaintiff was "otherwise qualified for a position," Plaintiff fails to show that he was disabled under the ADA.

"An individual is considered 'disabled' under the ADA if he or she: '(A) [has] a physical or mental impairment that substantially limits one or more of [his or her] major life activities...; (B) [has] a record of such an impairment; or (C) [is] regarded as having such an impairment.'" *Hazen v. Cleveland Clinic Found.,* No. 1:21-CV-01965, 2022 WL 3083027, at *5 (N.D. Ohio July 29, 2022) (quoting *Burns v. Coca-Cola Enters., Inc.*, 222 F.3d 247, 252 (6th Cir. 2000)

5

(quoting 42 U.S.C. § 12102(2) (alterations in original)). "The term 'substantially limits' shall be construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA." *Id.* (quoting 29 C.F.R. § 1630.2(j)(1)(i)). Indeed, "'[s]ubstantially limits' is not meant to be a demanding standard." *Id.* "Major life activities" include "walking, standing, sitting, reaching, lifting, [and] bending." *Id.* at § 1630.2(i)(1)(ii).

Importantly, the ADA was amended in 2008 by the Americans with Disabilities Act Amendments Act ("ADAAA"), in which Congress "instructed courts to interpret the term 'disability' broadly, given the ADA's remedial purpose." *Hentze v. CSX Transportation, Inc.,* 477 F. Supp. 3d 644, 660 (S.D. Ohio 2020) (citing *Hostettler v. Coll. of Wooster*, 895 F.3d 844, 853 (6th Cir. 2018)); *see also Smith v. Bryce Corp.*, No. 20-2828-TMP, 2023 WL 3168344, at *9 (W.D. Tenn. Apr. 28, 2023). Nevertheless, as a matter of law and even following the 2008 Amendments, **"non-severe impairments that last only a short period of time are not necessarily covered by the ADA."** *Lovreta v. Delta Global Servs.*, No. 2:19-cv-02469-JTF-jay, 2019 WL 8016714, at *5 (W.D. Tenn. Nov. 5, 2019) (collecting cases), *report & recommendation adopted*, 2020 WL 91503 (W.D. Tenn. Jan. 8, 2020); *see also Roan v. United Parcel Serv.,* No. 3:17-CV-01178, 2019 WL 2171488, at *4 (M.D. Tenn. May 20, 2019) (finding that plaintiff failed to establish he was disabled where he suffered minor, non-chronic muscle strain which limited his ability to perform certain activities for an extremely short period of time); *Gleason v. Food City 654*, No. 3:13-CV-712-PLR-HBG, 2015 WL 1815686, at *5 (E.D. Tenn. April 22, 2015) (finding that the plaintiff failed to establish that he was disabled under the ADA where his restrictions on lifting and the number of hours worked were not severe and lasted only one month).

Here, Plaintiff's Complaint offers scant detail of his alleged disability. The Complaint itself mentions only a tendinitis diagnosis and a required one-month physical therapy plan. Plaintiff's conclusory allegations fail to offer any explanation of the nature of his alleged tendinitis or any description of its impact on his major life activities. (ECF No. 1-1 at 2, 8.) Beyond this, buried in the 54 pages of attachments to his Complaint are two copies of the same letter from his physician, dated February 3, 2023, stating in substantive entirety:

> Please excuse the absence of Devin J. Randolph, for he was seen in my office for an appointment on 2/3/23. No lifting for 4 weeks. Sit down breaks every 5 minutes for 4 weeks.

(ECF No. 1-3 at 19, 22.) The letter contains no mention of a tendinitis diagnosis or required physical therapy. Thus, to the extent Plaintiff may be relying on this letter as support for his claim of disability, it comes up short. At best the letter confirms that Plaintiff was suffering some impairment requiring some limitations of very short-term duration. As the above authority confirms, an impairment of such short duration generally does not constitute a disability under the ADA. In the absence of any additional information regarding Plaintiff's alleged condition, even construing his claims liberally given his *pro se* status, Plaintiff has provided no basis to depart from that general rule here. Accordingly, it is **RECOMMENDED** that all of Plaintiff's ADA claims against Bath and Body be **DISMISSED** for failure to state a claim.

2. **Racial Discrimination under Title VII**

To establish a prima facie case of racial discrimination based on a failure to promote, a plaintiff must show that: (1) he is a member of a protected class; (2) he applied for and was qualified for a promotion; (3) he was considered for and was denied the promotion; and (4) an individual of similar qualifications who was not a member of the protected class received the promotion at the time plaintiff's application was denied. *Wilson v. Ford Motor Co.,* 513 F. App'x

585, 588 (6th Cir. 2013) (citation omitted).  Plaintiff's conclusory allegation of racial discrimination fails to address any of these elements.  This includes even the most fundamental element, membership in a protected class.  Accordingly, it is **RECOMMENDED** that Plaintiff's Title VII claim against Bath and Body be **DISMISSED** for failure to state a claim.

**B.      Plaintiff's Remaining Claims**

Quickly, a careful review of the Complaint reveals Plaintiff's failure to allege any specific conduct undertaken by the law firm of Vorys.  Where a person is simply named as a defendant without a factual allegation of specific misconduct, the complaint is insufficient to state a plausible claim for relief.  *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004).  Moreover, to the extent that Plaintiff may be intending to assert any claim against Vorys for a violation of his constitutional rights, private attorneys generally are not considered to be state actors for purposes of § 1983.  *Cudejko v. Goldstein*, 22 F. App'x 484, 485 (6th Cir. 2001) (citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)).  Plaintiff has set forth no facts warranting a departure from that general rule here.  Similarly, any § 1983 claim intended against the Spitz law firm also cannot succeed.  Just like Vorys, Spitz is a private law firm not considered to be a state actor.  Again, Plaintiff has set forth no facts warranting a departure from that general rule as to Spitz's conduct.  Accordingly, it is **RECOMMENDED** that Plaintiff's § 1983 claims against Vorys and Spitz be **DISMISSED** for failure to state a claim.

Further, the EEOC Plaintiff sues here is a federal agency.  As such, it acts under color of federal law, not state law, and thus is not subject to suit under § 1983.  *Robinson v. EEOC*, No. 17-2674-JPM-DKV, 2017 WL 4899141, at *3 (W.D. Tenn. Oct. 10, 2017), *report and recommendation adopted,* No. 217CV02674JPMDKV, 2017 WL 4898846 (W.D. Tenn. Oct. 30, 2017) (citing *D.C. v. Carter*, 409 U.S. 418, 424–25 (1973) (stating that § 1983 does not reach

"actions of the Federal Government and its officers")). Accordingly, it is **RECOMMENDED** that Plaintiff's claims against the EEOC be **DISMISSED** for failure to state a claim.

Finally, to the extent Plaintiff seeks to assert an independent claim against Spitz for "unethical practices," that claim also fails. The basis of the purported claim is Plaintiff's allegation that Spitz entered into a settlement without his consent. First, this claim, as Plaintiff has alleged it, fails to set forth a cognizable legal theory. Moreover, to the extent Plaintiff's claim is construed more properly as a legal malpractice claim, such a claim "pertain[s] squarely to state law and do[es] not arise under federal law of the United States Constitution." *Bland v. Sawyers*, No. 2:24-CV-4015, 2024 WL 4466250, at *3 (S.D. Ohio Oct. 10, 2024), *report and recommendation adopted*, No. 2:24-CV-4015, 2024 WL 4987162 (S.D. Ohio Dec. 5, 2024) (citing *Gunn v. Minton*, 568 U.S. 251, 253 (2013) (characterizing a legal malpractice claim as a state-law claim)). Because dismissal of Plaintiff's federal claims is recommended above, it is also **RECOMMENDED** that, pursuant to 28 U.S.C. § 1367(c)(3), the Court decline to exercise supplemental jurisdiction over any state law claim Plaintiff may have attempted to state here.

### IV.

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's federal claims be **DISMISSED** in their entirety. To the extent that Plaintiff's Complaint may be properly construed as raising a state law legal malpractice claim, it is **RECOMMENDED** that any such claim be **DISMISSSED without prejudice.**

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

9

question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

DATED:  April 23, 2025                        /s/ *Elizabeth A. Preston Deavers*
                                              **ELIZABETH A. PRESTON DEAVERS**
                                              **UNITED STATES MAGISTRATE JUDGE**