UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Devin Randolph,

    Plaintiff,

v.

Bath & Body Works, Inc., *et al.*,

    Defendants.

Case No. 2:25-cv-284

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Devin Randolph ("Plaintiff") proceeds without counsel and without the prepayment of fees. ECF No. 5. Pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge performed an initial screen of Plaintiff's Complaint and ultimately issued a Report and Recommendation ("R&R") recommending the Court dismiss the same. ECF No. 7. Plaintiff objects. ECF No. 8. For the following reasons, the Court **OVERRULES** Plaintiff's objections and **ADOPTS IN PART** the R&R.

### I. FACTS

A generous reading of Plaintiff's Complaint shows the following allegations. Plaintiff worked at Defendant Bath & Body Works, Inc. ("Bath & Body Works") for five months, between September 2022 and February 2023. Compl., ECF No. 6, at PAGEID # 95. During that time, a doctor diagnosed Plaintiff with tendinitis, prescribed physical therapy, and imposed restrictions on Plaintiff. *Id.*; ECF No. 6-1 at PAGEID # 124. Plaintiff requested a reasonable accommodation for his

tendinitis, but Bath & Body Works terminated Plaintiff's employment without providing an accommodation. Compl., ECF No. 6 at PAGEID ## 95–96.

Plaintiff thereafter filed a disability discrimination charge with Defendant Equal Employment Opportunity Center ("EEOC") and engaged Defendant Spitz, The Employee's Law Firm ("Spitz Law") as counsel. *Id.* at PAGEID # 95. Defendant Vorys, Sater, Seymour and Pease LLP ("Vorys") represented Bath & Body Works. *Id.* Spitz Law settled the EEOC charge without Plaintiff's consent. *Id.* at PAGEID # 98. Plaintiff also complains that the EEOC process was not transparent. *Id.* at PAGEID # 99.

## II. PROCEDURAL HISTORY

Based on these allegations, Plaintiff sues Bath & Body Works under the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act, and he sues each Defendant under 42 U.S.C. § 1983. Construed liberally, he also sues Spitz Law for legal malpractice.

The R&R recommends dismissing all of Plaintiff's ADA claims for failure to allege a disability. R&R 4–7, ECF No. 7. It recommends dismissing Plaintiff's Title VII race discrimination claim for failure to allege any element of such a claim. *Id.* at 7–8. It recommends dismissing Plaintiff's § 1983 claims for failure to sue a person acting under color of state law. *Id.* at 8. Finally, having recommended dismissal of Plaintiff's federal claims, the R&R recommends declining to exercise jurisdiction over his state-law malpractice claim. *Id.* at 9.

Plaintiff timely objected. Obj., ECF No. 8.

## III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court reviews de novo those portions of the R&R to which Plaintiff properly objected. The Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."

## IV. ANALYSIS

On de novo review, the Court **OVERRULES** Plaintiff's objections but permits his retaliation claim to proceed.

### A. Vorys

The R&R concludes that Plaintiff fails to allege any conduct by Vorys that could serve as the basis of a claim against it. R&R 8, ECF No. 7. Plaintiff fails to address this conclusion in his objections and therefore forfeited his right to de novo review. In the alternative, the conclusion is correct on de novo review.

Plaintiff names Vorys in the heading of the Complaint, but the body of the Complaint alleges only that Vorys represented Bath & Body Works before the EEOC and that Plaintiff's "constitutional rights were violated during the . . . EEOC . . . investigation, and that the process was tainted by unethical actions taken by . . . [Vorys] . . . ."). Compl. ¶¶ 7,19, ECF No. 6.

The fact that Vorys represented Bath & Body Works does not make Plaintiff's allegation that Vory's "tainted" the EEOC proceeding plausible. Nor does the Complaint contain any additional facts about Vorys. The Complaint therefore fails to state a claim against Vorys under *Iqbal* and *Twombly*.

Moreover, even liberally construed, the only claim Plaintiff asserts against Vorys arises under 42 U.S.C. § 1983, and any § 1983 claim against Vorys fails for the alternative reason below.

**B.     Section 1983**

Plaintiff sues at least the EEOC under 42 U.S.C. § 1983 for violating his constitutional procedural Due Process rights under the Fifth and Fourteenth Amendments and, potentially, his First Amendment right to access the courts. In an abundance of caution, the Court construes the Complaint as suing each Defendant under § 1983 for violating Plaintiff's procedural Due Process rights and his right to access the courts. *See, e.g.*, Compl. ¶ 12, ECF No. 6 ("Plaintiff alleges that Bath & Body Works, the EEOC Cleveland Branch, and Spitz Law Firm acted in a manner that violated Plaintiff's Constitutional rights . . . ."); *id.* at PAGEID # 98 ("The First Amendment guarantees freedom to petition the government for a redress of grievances, and the failure of the EEOC to provide transparency about the status of my case obstructs my ability to fully exercise this right.").

The R&R concludes Plaintiff's § 1983 claims fail because he sues only private parties and a federal agency, neither of which is subject to suit under § 1983. R&R at 8–9, ECF No. 7. Plaintiff fails to address this conclusion in his objections and therefore forfeited his right to de novo review. In the alternative, the Court accepts this aspect of the R&R on the merits.

Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbus, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Suits under § 1983 may be brought only against persons acting under color of state law. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) ("To prove a claim under 42 U.S.C. §1983, a plaintiff must establish: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that he was subjected to or caused to be subjected to this deprivation *by a person acting under color of state law*." (citation omitted) (emphasis added)).

Defendants here are two private law firms (Spitz Law and Vorys), a *federal* agency (EEOC), and a private company (Bath & Body Works). No Defendant acted under color of state law, and Plaintiff therefore cannot sue them under § 1983. *E.g., Franklin v. Henderson*, 15 F. App'x 205, 207 (6th Cir. 2001) ("The federal government and its officials are not subject to suit under 42 U.S.C. § 1983." (citation omitted));[1] *Cudejko v. Goldstein*, 22 F. App'x 484, 485 (6th Cir. 2001) ("Private attorneys are not considered to be state actors for purposes of § 1983." (citation omitted)); *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir.

---

[1] Even if the Court construed the Complaint as asserting a *Bivens* claim against the EEOC, the claim would still fail because the EEOC is entitled to sovereign immunity. *Borkins v. United States*, No. 98-1668, 1999 WL 777538, at *1 (6th Cir. Sept. 16, 1999) ("Plaintiffs cannot bring *Bivens* suits against the United States . . . or its agencies." (citations omitted)).

1999) ("A § 1983 plaintiff may not sue purely private parties." (citations omitted)). Accordingly, Plaintiff's § 1983 claims against each Defendant are **DISMISSED WITH PREJUDICE**, and all of Plaintiff's claims against the EEOC[2] and Vorys are **DISMISSED WITH PREJUDICE**.

C.   ADA

Plaintiff sues Bath & Body works under the ADA. The ADA prohibits discrimination in employment: "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112. It also prohibits retaliation. 42 U.S.C. § 12203.

---

[2] Any claim against the EEOC other than a § 1983 claim would likewise fail. "Congress has not authorized, either expressly or impliedly, a cause of action [under Title VII] against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge." *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (citations omitted); *see also, e.g., Haddad v. E.E.O.C.*, 111 F. App'x 413, 415 (6th Cir. 2004) ("Title VII does not provide either an express or implied cause of action against the EEOC to challenge its investigation and processing of a charge." (citations omitted)); *Reed v. E.E.O.C.*, No. 96-1275, 1996 WL 636171, at *1 (6th Cir. Oct. 30, 1996) (affirming that neither Title VII nor the ADA provide a cause of action against the EEOC for its handling of a discrimination charge); *Robinson v. EEOC*, No. 24-cv-02947-MSN-tmp, 2024 WL 5483574, at *3 (W.D. Tenn. Dec. 18, 2024) ("[T]his court cannot review the EEOC's declining to prosecute Robinson's discrimination complaint because this is not a 'final agency action' reviewable by courts." (citations omitted)), *report and recommendation adopted by* 2025 WL 898079 (W.D. Tenn. Mar. 24, 2025). Accordingly, the Court dismisses any claim Plaintiff asserts against the EEOC under the Administrative Procedure Act, the ADA, or Title VII. *See* Compl., ECF No. 6 at PAGEID # 99.

Plaintiff alleges Bath & Body works violated the ADA by: (1) failing to engage in the iterative process; (2) failing to accommodate his disability; (3) retaliating against him after he requested an accommodation; and (4) terminating him because of his disability. Compl. ¶¶ 11–15, ECF No. 6. Theories (1), (2), and (4) allege disability discrimination, and theory (3) alleges retaliation.

Plaintiff need not plead each element of a prima facia ADA claim to survive the initial screen. *Fedder v. CEMS of Ohio, Inc.*, No. 24-3028, 2024 WL 5319224, at *4 (6th Cir. Nov. 6, 2024) ("But *McDonnell Douglas* did not establish a pleading standard for employment-discrimination plaintiffs. Consequently, a plaintiff is not required to plead a prima facie case of discrimination to avoid dismissal at the pleading stage." (citations omitted)). Rather, Plaintiff need only satisfy Rule 8(a)'s standard requirements. *Id.*

For his discrimination claim, that requires Plaintiff to "demonstrate that []he is disabled within the meaning of the Americans with Disabilities Act, and that such impairment substantially limits one or more major life activities." *Cf. Bedford v. Michigan*, 722 F. App'x 515, 518 (6th Cir. 2018); 29 C.F.R. § 1630.2(g) (defining "disability" as "[a] physical or mental impairment that substantially limits one or more of the major life activities of such individual").

Prior to 2008, the Sixth Circuit had "indicated that temporary injuries do not qualify as a disability under the ADA." *Lovreta v. Delta Glob. Servs.*, No. 2:19-cv-02469-JTF-jay, 2019 WL 8016714, at *4 (W.D. Tenn. Nov. 5, 2019) (citation

omitted). But Congress enacted the ADA Amendments Act of 2008 "to broaden the ADA's definition of 'disability.'" *Roan v. United Parcel Serv.*, No. 3:17-cv-01178, 2019 WL 2171488, at *3 (M.D. Tenn. May 20, 2019); *report and recommendation adopted by* 2020 WL 91503. The Court must therefore analyze Plaintiff's Complaint under the current, broader standard when determining whether he adequately alleged he is disabled under the ADA.

Lifting is a major life activity. 29 C.F.R. § 1630.2(i)(1)(i). And "[a]n impairment is a disability within the meaning of [the regulation] if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii). Further, "[t]he effects of an impairment lasting or expected to last fewer than six months can be substantially limiting within the meaning of this section." 29 C.F.R. § 1630.2(j)(1)(ix).

Here, Plaintiff alleges he suffers from tendinitis and that his doctor prescribed a month of physical therapy. *E.g.*, Compl., ECF No. 6 at PAGEID ## 95, 98, 101, 137, 150. The letter attached to the Complaint, though, mentions neither tendinitis nor physical therapy. Rather, it shows Plaintiff's doctor issued a "Return to School/Work" letter stating Plaintiff's absence (presumably from work) was due to a doctor's appointment and ordering "no lifting for 4 weeks" and "[s]it down breaks every 5 minutes for 4 weeks." Compl., ECF No. 6-1 at PAGEID # 127. Yet, the letter does not expressly contradict Plaintiff's factual allegations that he suffers from tendinitis or that the doctor also prescribed physical therapy,

so the Court accepts those allegations as true for purposes of this initial screen. The Court does not take as true, however, Plaintiff's allegation that the condition would last "the rest of his life," Compl., ECF No. 6-1 at PAGEID # 136, where the exhibit expressly includes restrictions for only four weeks. Accordingly, Plaintiff adequately alleges that he suffered from tendinitis and was prohibited from lifting/required frequent sit-down breaks for four weeks. Whether these allegations, if true, adequately allege Plaintiff was disabled under the ADA is a close call.

As the Magistrate Judge correctly concluded, the revisions to the regulations did not render toothless the requirement that an individual be disabled to bring a claim under the ADA. 29 C.F.R. § 1630.2(j)(1)(ii) ("Nonetheless, not every impairment will constitute a disability within the meaning of this section."). "Non-severe impairments that last only a short period of time are not necessarily covered by the ADA." *Roan*, 2019 WL 2171488, at *4; *see also Lovreta*, 2019 WL 8016714, at * 4 ("Whether Lovreta has set forth sufficient facts to plausible infer that she is disabled under the ADA, is a closer question."), *report and recommendation adopted by* 2020 WL 91503; *Gleason v. Food City 654*, No. 3:13–CV–712–PLR–HBG, 2015 WL 1815686, at *5 (E.D. Tenn. Apr. 22, 2015) ("Generally, short term, temporary restrictions are not 'substantially limiting' and do not render a person disabled under the ADA." (citations omitted)); *cf. Cook v. Warren Screw Prods., Inc.*, No. 24-1192, 2025 WL 933637, at *4 (6th Cir. Mar. 27, 2025) (noting that, although an impairment "need not be permanent or

long-term," "not every impairment will constitute a disability" (internal quotation marks and citations omitted)). The R&R may indeed be correct that Plaintiff failed to allege his tendinitis qualifies as a disability, even under the lenient definition.

The Court need not decide that issue, though, because Plaintiff fails to allege that he is a "qualified" individual for purposes of his discrimination claim. See 42 U.S.C. § 12112(a). "The term 'qualified,' with respect to an individual with a disability, means that the individual satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires and, with or without reasonable accommodation, can perform the essential functions of such position." 29 C.F.R. § 1630.2(m). "Essential functions" are "the fundamental job duties of the employment position the individual with a disability holds or desires." 29 C.F.R. § 1630.2(n)(1).

Here, Plaintiff fails to identify his employment position,[3] let alone allege any of the fundamental job duties of the position. He also fails to allege what reasonable accommodation he requested or that he could perform the essential functions of the job with said reasonable accommodation. And, given the exhibit to the Complaint states Plaintiff would be prohibited from lifting and required to sit every five minutes, it is not at all obvious from a plain reading of the Complaint

---

[3] The EEOC charge says Plaintiff worked in "Logistics." Compl., ECF No. 6-1 at PAGEID # 115.

what accommodation Bath & Body Works could make to permit Plaintiff to perform the essential job functions.

Because the Complaint fails to allege Plaintiff is a "qualified individual with a disability," he fails to state an ADA discrimination claim against Bath & Body Works, and his ADA claim is **DISMISSED WITHOUT PREJUDICE** to re-filing with additional facts. *Anderson v. ProCopy Tech., Inc.*, 23 F. Supp. 3d 880, 889 (S.D. Ohio 2014) ("If a claimant cannot show that he can perform the essential functions of a given position with or without an accommodation, he is not a 'qualified individual with a disability' within the meaning of 42 U.S.C. § 12111(8)." (citation omitted)).

However, the R&R also recommends dismissing Plaintiff's ADA retaliation claim for failure to allege a disability. Plaintiff need not be either disabled or a qualified individual to state a claim for retaliation. *Barrett v. Lucent Tech., Inc.*, 36 F. App'x 835, 840 (6th Cir. 2002) ("A plaintiff need not actually be disabled to assert a claim of disability retaliation. The person, however, must have a reasonable and good faith belief that the opposed act or practice is unlawful under the ADA." (citation omitted)), *cf. Bryson v. Regis Corp.*, 498 F.3d 561, 577 (6th Cir. 2007) ("A plaintiff may prevail on a disability-retaliation claim even if the underlying claim of disability fails." (internal quotation marks and citation omitted)). Because the materials attached to Plaintiff's Complaint allege that he "was told not only would his contract continue but that he would not get cut or his contract removed for the entire month of January and February because of his

achievements[,]" and yet he was terminated shortly after making a request for accommodation while lower performing employees were not, the Court declines to dismiss the retaliation claim at this juncture.  Compl., ECF No. 6 at PAGEID # 100, ECF No. 6-1 at PAGEID # 131–33.

D.  **Title VII**

Plaintiff also sues Bath & Body Works for race discrimination under Title VII.

The Complaint alleges, "Defendant engaged in racial discrimination by denying Plaintiff opportunities for promotion and advancement despite his strong work performance and the support of his managers[,]" and "Plaintiff's race contributed to the denial of his right to apply for corporate positions within the company, further contributing to a hostile work environment."  Compl., ECF No. 6 at PAGEID # 100; see also id. at PAGEID # 102 ("[R]acial discrimination played a significant role in the denial of Plaintiff's advancement opportunities within Bath & Body Works.").  Elsewhere, it states, "Plaintiff also experiences discriminatory treatment based on his race and disability, contributing to a hostile work environment."  Id. at PAGEID # 101.  Plaintiff alleges a letter of recommendation written on his behalf was not considered "due to both his disability and racial discrimination" and that he "has witnesses who can attest to the racial issues he faced within the company."  Id.

Each of the race-discrimination allegations, though, are entirely conclusory.  The Complaint lacks any facts to make plausible Plaintiff's allegation that any

adverse action was based on Plaintiff's race.[4] And, although the Complaint repeats the phrase "hostile work environment," it nowhere alleges facts making plausible the existence of a severe and pervasive hostile environment. The exhibits supporting the Complaint are somewhat more detailed than the Complaint itself, but they still consist of only vague allegations, such as Bath & Body Works historically making "false" and "one-sided" allegations against African American or Hispanic men and men of color "appear[ing]" to be underrepresented in leadership roles in the company. Compl., ECF No. 6-1 at PAGEID ## 113, 114, 157. So, even the allegations in the exhibits accompanying the Complaint fail to make plausible any allegation that an adverse action was taken against Plaintiff because of his race or that Plaintiff suffered a severe and pervasive hostile work environment. Thus, Plaintiff fails to state a Title VII race discrimination claim. *See Qiu v. Bd. of Edu. of Bowling Green Independent Schs., KY*, No. 24-5368, 2024 WL 5510330, at *2 (6th Cir. Dec. 23, 2024) ("[S]he alleges no facts supporting this conclusory allegation, such as who the Board ultimately hired for the position or any details about the application process. Her broad and conclusory allegations of discrimination cannot be the basis of a

---

[4] The Complaint does not even identify Plaintiff's race. The Court may consider exhibits attached to Plaintiff's Complaint, however, *e.g., Kinney v. McDonough*, No. 21-1414, 2022 WL 223633, at *5 (6th Cir. Jan. 26, 2022), and a review of those documents *suggests* Plaintiff may fall into a protected class, *see, e.g.*, Compl., ECF No. 6-1 at PAGEID # 113 ("It seems there may be a pattern of false accusations and narratives being directed toward African-American men and other men of color within the company."); *id.* at PAGEID # 156 ("This is Bath and Body Works, LLC's way of trying to paint Mr. Devin Randolph has [sic] an incompetent person or person of color negatively . . . ."). Even in the exhibits, though, Plaintiff fails to affirmatively state his race.

complaint, and she failed to state allegations that plausibly give rise to the inference that the Board discriminated against her." (cleaned up)); *Kinney*, 2022 WL 223633, at *6–7 ("The complaint does not state Kinney's race or sex and the amended complaint does not reference the exhibit attached to the motion to dismiss that references Kinney's race. Because the amended complaint does not properly allege that Kinney is a member of a protected class, her claim fails." (citation omitted)); *Ogbonna-McGruder v. Austin Peay State Univ.*, 91 F.4th 833, 843 (6th Cir. 2024) (dismissing race discrimination claim because the complaint did not adequately allege racial animus and instead was conclusory). The Court adopts the R&R in this regard and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Title VII claim against Bath & Body Works for failure to state a claim.

### E. Legal Malpractice

Finally, Plaintiff sues Spitz Law for malpractice. Malpractice is a state-law claim, and there is no diversity jurisdiction in this case. Accordingly, this Court has jurisdiction over the claim, if at all, only to the extent the Court exercises supplemental jurisdiction under 28 U.S.C. § 1367.

Pursuant to 28 U.S.C. 1367(a), federal courts exercising federal question jurisdiction over some claims may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." "Claims form part of the same case or controversy when they derive from a common nucleus of operative fact such that

a plaintiff would ordinarily be expected to try them all in one judicial proceeding." *Basista Holdings, LLC v. Ellsworth Twp.*, 710 F. App'x 688, 694 (6th Cir. 2017) (internal quotation marks and citation omitted).

Whether Bath & Body Works fired Plaintiff in retaliation for him requesting an accommodation for his disability and whether Plaintiff's lawyers subsequently settled his disability discrimination charge without his consent concern different operative facts. *See Raymer v. Western and Southern Life Ins., Co.*, No. 5:13-cv-42, 2013 WL 4875029, at *3 (E.D. Ky. Sept. 11, 2013) (no common nucleus of operative fact between the underlying employment dispute against the former employer and the legal malpractice claim against the former law firm for its handling of case against said former employer). Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's malpractice claim against Spitz Law for lack of jurisdiction.

### F.     Right to Sue Letter

Because some claims are dismissed without prejudice, the Court notes that Plaintiff may sue Bath & Body Works under the ADA and Title VII only if the EEOC issued him a right-to-sue letter. *E.E.O.C. v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999) ("An individual may not file suit under Title VII if she does not possess a 'right to sue' letter from the EEOC." (citation omitted)); *Waggoner v. Carlex Glass Am., LLC*, 682 F. App'x 412, 416 (6th Cir. 2017) ("Before suing an employer, an ADA plaintiff must file a charge with the EEOC and receive a right-to-sue letter." (citation omitted)).

Although the Complaint references such a letter, *e.g.*, Compl., ECF No. 6 at PAGEID # 97; *see also* ECF No. 6-1 at PAGEID # 108, Plaintiff failed to attach it to his Complaint. Plaintiff attaches a printout of a December 25, 2024, email from the EEOC, but the subject-line of that email reads, "EEOC Charge 532-2024-00749 has been Closed," and the body of the email states that the parties to the charge reached a "Settlement Agreement." ECF No. 6-1 at PAGEID # 106; *see also* Compl., ECF No. 6 at PAGEID # 99 ("Spitz Law Firm engaged in misconduct by entering into a settlement without Plaintiff's consent."). Nowhere does that EEOC email contain "right-to-sue" language. ECF No. 6-1 at PAGEID # 106.

If Plaintiff's attorneys settled his EEOC charge, Plaintiff might be unable to sue on the charge in this Court. *Cf. Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407 (1st Cir. 2013) ("If the EEOC cannot reach a voluntary settlement with the employer, the agency may file a lawsuit or issue a Notice-of-Right-to-Sue to the employee." (citations omitted)); *Franceschi v. U.S. Dept. of Veterans Affairs*, 514 F.3d 81, 85 (1st Cir. 2008) ("The employee may sue in federal court only if the EEOC dismisses the administrative charge, or if it does not bring civil suit or enter into a conciliation agreement within 180 days of the filing of the administrative charge." (citing 42 U.S.C. 2000e-5(f)(1))); *Dalessandro v. Monk*, 864 F.2d 6, 8 (2d Cir. 1988) ("Once a plaintiff settles a claim and withdraws it from the EEOC, he may not then sue on the same claim in federal court."). Nonetheless, the Complaint (and its exhibits) refers to a right-to-sue letter, and

the requirement is a condition precedent that can be waived. *Cf. Dickerson v. Assoc. Home Equity*, 13 F. App'x 323, 324 (6th Cir. 2001) ("Because the right-to-sue letter is a condition precedent to filing suit, rather than a jurisdictional requirement, the requirement of obtaining a right-to-sue letter may be waived by the parties or the court." (internal quotation marks and citation omitted)). The Court does not waive the condition precedent by this Opinion and Order, but the possibility of Bath & Body Works' waiver, and the reference to a right-to-sue letter in the exhibits counsel against dismissing Plaintiff's ADA and Title VII claims at this preliminary screening stage for failure to attach a right-to-sue letter.

## V. CONCLUSION

For the above reasons, Plaintiff's § 1983 claims against each Defendant are **DISMISSED WITH PREJUDICE**. Plaintiff's ADA discrimination and Title VII claims against Bath & Body Works and his legal malpractice claim against Spitz Law are **DISMISSED WITHOUT PREJUDICE**. Any other claims against the EEOC are **DISMISSED WITH PREJUDICE**. Plaintiff's ADA retaliation claim against Bath & Body Works may proceed past this initial screening stage.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**