UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF OHIO

DEVIN RANDOLPH, Plaintiff,

v.

BATH & BODY WORKS, INC., et al., Defendants.

Case No. 2:25-cv-284
Chief Judge: Hon. Sarah D. Morrison
District Judge: Hon. Michael H. Watson
Magistrate Judge: Hon. Elizabeth Preston Deavers



**NOTICE TO THE COURT AND REQUEST TO THE CHIEF JUDGE FOR REASSIGNMENT TO ORIGINAL JUDGE UNDER DUE PROCESS AND JUDICIAL ECONOMY GROUNDS**

To: **Chief Judge Sarah D. Morrison**
Southern District of Ohio

Plaintiff Devin Randolph respectfully submits this Notice and Request for Reassignment, and states as follows:

**I. Procedural Delay: More Than Four Months Since Improper Judicial Pause**

On **August 12, 2025**, this Court issued an order **"TEMPORARILY STAYING"** the deadlines in this matter pending completion of service and receipt of the U.S. Marshal's return (**ECF No. 21, reaffirmed in Docket No. 45**). Despite this being explicitly temporary, **over four months have passed**, and the Court has failed to properly lift the stay, enter defaults, or resolve ripe pending motions.

This failure delays resolution and significantly impairs Plaintiff's rights under:

- **28 U.S.C. § 1651 (All Writs Act)**
- **Supreme Court Rule 20 (Supervisory Mandamus)**
- **Fifth Amendment Due Process** and **Right of Access to the Courts**

This prolonged judicial inaction constitutes a **violation of Plaintiff's constitutional rights** to **Due Process** and **Access to the Courts**. Moreover, under **Supreme Court Rule 20** and **28 U.S.C. §1651**, Plaintiff now possesses the legal right to escalate this matter for **supervisory mandamus** to the **United States Supreme Court**.

## II. Vorys Sater's Appearance Lacks Timely Authorization

The firm **Vorys, Sater, Seymour & Pease LLP** has still not disclosed:

- When they were hired, fired, or re-hired by Bath & Body Works (BBW)
- Whether they represent Victoria's Secret & Co.
- Why they appeared after the default deadline without explanation

**The Court stated as follows in ECF No. 21 (August 12, 2025):**

"Service of the original, screened complaint was completed on Defendant Bath & Body Works, Inc. ('BBW') on July 30, 2025, triggering an answer date of August 20, 2025."
— *ECF No. 21, PageID 255*

So the Court **admits**:

- Service was complete,
- The answer deadline was set,
- BBW had 21 days,
- BBW did not answer by August 20.

**Then the Court contradicts itself in ECF No. 41 by saying:**

"The Court stayed Defendants' response to Plaintiff's original Complaint."
— *ECF No. 41, Page 1*

But ECF 21 shows that:

- The stay came **AFTER** service was completed,
- And it did **not** vacate or modify the August 20 default deadline.

No order ever changed:

- The service date,
- The answer deadline,
- The Rule 55(a) timeline.

Despite that, **Vorys appeared after the August 20, 2025 default deadline** without clarifying their legal authority.

Their failure to provide documentation regarding engagement, and their dual role as both **representative** and **potential co-defendant/witness**, violates:

- **Federal Rule of Civil Procedure 55 (Default Judgments)**
- **Federal Rule of Civil Procedure 11 (Truthfulness in Filings)**

Notably, the service was completed on **July 30, 2025**, and the 21-day default period under **Rule 12(a)(1)** expired on **August 20, 2025**. **Vorys appeared 8 days later**, and the record shows BBW did not seek to cure this default or submit an Answer. The **Second Amended Complaint**, filed later, **does not reset the default deadline**, as recognized by numerous federal courts. See, e.g., *Venable v. Asbestos Defendants*, 2013 WL 1365938 (N.D. Cal. Apr. 3, 2013) ("A plaintiff's amended complaint does not necessarily cure a defendant's default nor reset the deadline to respond.")

Additionally, **Vorys cannot lawfully cure the default** because it is both a **potential co-defendant and a material witness**. The docket and Plaintiff's filings establish that:

- Vorys has never disclosed **when it was hired, fired, or rehired** by Bath & Body Works;

- Vorys never clarified whether it also represents **Victoria's Secret & Co.**;

- Vorys acknowledged that Bath & Body Works had **reviewed the Court's pause order and docket**, meaning counsel necessarily had actual notice of the litigation and procedural posture;

- Despite this knowledge, Vorys attempted to represent a defendant while simultaneously facing potential liability itself—an impermissible conflict that renders its appearance **legally ineffective**.

As a matter of law, **a party that is a potential defendant or material witness cannot serve as counsel in the same action**. Once Vorys is removed, **Bath & Body Works is left without any valid appearance or defense**, and default must be entered under **Rule 55**. The pendency or later filing of a proposed **Second Amended Complaint** does **not toll, reset, or cure an already-accrued default**, absent an order granting leave to amend and expressly vacating the default-triggering deadline. See **Fed. R. Civ. P. 15(a)** (amendment requires leave or consent) and **Fed. R. Civ. P. 55(a)** (default is entered when a party has failed to plead or otherwise defend). Courts have consistently held that an unapproved or later amendment does not retroactively alter a defendant's obligation to timely respond to a properly served operative complaint. Any remaining issues concerning additional or putative co-defendants may appropriately be addressed by the **Court of Appeals**, which retains authority to determine the proper procedural disposition of those matters separate from the entry of default herein.

The **service and default timeline is already complete and undisputed**. The record reflects that:

- Bath & Body Works, Inc. was **served on July 30, 2025** by the U.S. Marshal (see **ECF No. 20**, U.S. Marshal Process Receipt and Return);

- Under **Federal Rule of Civil Procedure 12(a)(1)(A)(i)**, BBW's response deadline was therefore **August 20, 2025**;

- No answer or Rule 12 motion was filed by that deadline;

- The first appearance by Vorys, Sater, Seymour & Pease LLP occurred on **August 28, 2025 (ECF No. 27)**, **eight days after the default deadline had already passed**.

A district court **may not retroactively alter a completed service date or reset a response deadline** absent a timely motion and a showing of good cause under **Rule 6(b)**. No such motion was filed, and no order modified the service date or extended the August 20 deadline. Importantly, the Court **did not approve the First Amended Complaint**, meaning the original service date remains controlling. Proceeding as though service were incomplete, while simultaneously allowing a defendant to participate, constitutes a **due process failure**.

---

### III. Judge Watson's Contradictions and Senior Status Violate Due Process

Although Judge Watson retains judicial authority under senior status, his conduct in this case includes:

- Contradicting **his own orders** by engaging with Vorys' filings after explicitly stating he would not do so pre-service
- Failing to **lift the stay** or issue any clear **"unpause"** order
- Allowing a **co-defendant** (Vorys) to appear on behalf of another defendant (BBW) without resolving party status

**Judge Watson's statement in ECF No. 18 (July 29, 2025):**

"If the Court grants Plaintiff's motion to amend, then it will order service of the Amended Complaint on Defendants."
— *ECF No. 18, PageID 242*

Thus:

- He would **wait** to rule on the motion to amend,
- THEN serve the amended complaint **only after** ruling.

**But that did NOT happen.**

**Contradiction:**

The *very next day*, on July 30, 2025, the U.S. Marshals **served Bath & Body Works** with the ORIGINAL complaint — BEFORE he ruled on the amendment.

This directly contradicts the Court's own procedural statement made the previous day.

These contradictions (and others) have prejudiced Plaintiff's rights and violate **constitutional due process**.

This inconsistency in rulings, combined with unexplained delay and lack of transparency, undermines:

- **The appearance of impartiality**, and
- **Plaintiff's constitutional rights** under the **Fifth Amendment Due Process Clause**.

---

### IV. Request for Reassignment to Original Judge Marbley

Plaintiff respectfully moves this Court to reassign the above-captioned matter to the **Hon. Algenon L. Marbley**, the original judge assigned prior to reassignment to Judge Watson. While both judges now hold senior status, **Judge Marbley** previously served as **Chief Judge** is familiar with the early procedural posture of the case, including: the service timeline, initial motions regarding party status.

Judge Marbley is in the best position to:

- Decide whether **Bath & Body Works is in default**
- Determine if **Vorys Sater** should be removed as counsel and added as a party
- Rule on joinder of **Victoria's Secret & Co.** and resolve all procedural questions

This is supported by:

- ◆ **28 U.S.C. § 294(b)** – "Senior judges may be designated to perform duties in the court from which they retired."
- ◆ **28 U.S.C. § 137(a)** – The business of each court "shall be divided among the judges… as may be provided by rules and orders."
- ◆ **Local Rule 3.1(b)** – Reassignments should be for "good cause," including case familiarity and fairness
- ◆ **In re United States**, 666 F.2d 690, 694 (1st Cir. 1981) – Reassignment to the original judge is appropriate where justice, familiarity, and efficiency require

Under **28 U.S.C. § 294(b)**, a senior judge may be "designated and assigned to perform such judicial duties in any court to which he is designated." Further, **28 U.S.C. § 137(a)** provides that the business of each district court "shall be divided among the judges as provided by rules and orders of the court," and **Local Rule 3.1(b)** requires that reassignment occur only for **good cause**, not to evade prior judicial rulings.

Reassignment to the **original judge** is particularly appropriate where due process, consistency, and judicial economy are at issue. See **In re United States, 666 F.2d 690, 694 (1st Cir. 1981)** (reassignment proper where case familiarity and justice so require).

**The interests of justice, due process, and judicial economy strongly support reassignment in light of the following documented procedural irregularities, as well as additional irregularities not shown below:**

• **Judge Watson's own statements in ECF No. 41 delaying resolution of key motions**, including:

"After performing the initial screen, the Court will, if necessary, rule on ECF Nos. 36 and 38…"
"The Court will not, however, consider these filings."
(*ECF No. 41, Page 2*)

• **The Court's admission in ECF No. 21 that BBW was served on July 30, 2025, triggering an August 20, 2025 answer deadline**, which BBW did not meet:

"Service … was completed … on July 30, 2025, triggering an answer date of August 20, 2025."
(*ECF No. 21, PageID 255*)

• **Vorys, Sater, Seymour & Pease LLP's appearance without any disclosed hiring date, authority, or clarification of its status**, as raised in Plaintiff's filings at ECF **36, 47, and 52-1**, despite its dual role as potential witness and possible co-defendant.

• **More than 120 days of inaction following the Court's August 12, 2025 "temporary stay,"** despite the order stating:

"The Court TEMPORARILY STAYS the deadline…"
(*ECF No. 21, PageID 256*)
and no later docket ever lifting or modifying the stay.

• And the existence of **multiple pending motions**—including default, joinder, and removal of counsel—that are most appropriately resolved by Judge Marbley, the original judge and former Chief Judge.

Accordingly, Plaintiff submits that **Judge Marbley**, as the **originally assigned judge**, is best positioned to resolve the outstanding motions regarding **default (ECF Nos. 23)**, **improper appearance and removal of counsel (ECF Nos. 38, 52-1)**, and **joinder or removal of parties**, consistent with constitutional due process and judicial economy.

Reassignment under these circumstances is not only permitted but **required** to protect **fairness, neutrality, consistency, and Plaintiff's constitutional right to a timely adjudication**. – Reassignment to the original judge is appropriate where knowledge of the case history and fairness are paramount.

---

**V.** Timeline, Default Trigger, and Confidence in Judicial

As stated in **ECF Nos. 36, 47, 52-1, and 54**, Plaintiff has provided:

- A detailed breakdown of damages (Affidavit on record)
- Clear evidence that BBW lied about Plaintiff's employment
- Procedural history showing Vorys' involvement as both a co-defendant and attorney, which creates **irreconcilable conflicts**

Judge Marbley has the judicial authority and procedural clarity necessary to resolve the pending matters expeditiously — **including before Christmas or year-end**.

He must answer this central question:
**Did Bath & Body Works have legal representation before August 20, 2025?**
If not, then **default must be entered**.

Nothing in the record—including the **Second Amended Complaint**—legally resets the Rule 55 clock or excuses Vorys' late, unexplained appearance.

Furthermore, Judge Watson made **no changes to the First Amended Complaint** or any related deadlines, compounding the due process violation.

Judge Marbley's background as a former **Chief Judge** matters. This case does not require extended discovery or novel legal analysis. It requires resolution of **threshold procedural questions**:

1. Was Bath & Body Works represented or properly represented on or before August 12, 2025?

2. Did any counsel appear before or on the August 20, 2025 default deadline?

3. Can a conflicted firm that may be a co-defendant and witness constitute valid representation?

Each question can be answered directly from the docket. Because **Judge Watson has taken senior status**, has issued internally inconsistent rulings, and never entered an order lifting the temporary stay, reassignment to **Judge Marbley**, the original judge, is necessary to restore procedural integrity.

For these reasons, Plaintiff states in good faith that **Judge Marbley alone can resolve the default, remove conflicted counsel, and restore due process without delay**, and that such resolution can realistically occur **before Christmas or before the end of the year**, based solely on the existing record.

### VI. Final Note on Judicial Efficiency and Appeals Handling

All other co-defendants—such as Victoria's Secret & Co. and Premise Health—can and should be handled by the **U.S. Court of Appeals**, where joinder and final liability determinations may

Case: 2:25-cv-00284-MHW-EPD Doc #: 62 Filed: 12/17/25 Page: 8 of 8  PAGEID #: 1211

be made post-default, if appropriate. This leaves **Judge Marbley** the most qualified jurist to rule swiftly on **default, counsel removal, and party status**.

**Respectfully submitted,**

Devin Jamil Randolph
Plaintiff, Pro Se
450 Alder Drive East, #302
Gahanna, Ohio 43230
(614) 828-7284

Dated: December 17, 2025

*[signature]*